PER CURIAM.
In this Anders[1] appeal, appellant entered a negotiated nolo plea to armed robbery under section 812.13(2)(b) and was sentenced to seventy-two months in prison. His counsel challenges the voluntariness of his plea and asks us to correct a scrivener’s error in the final judgment. Following a thorough review of the record on appeal and the law, we find that the plea was knowingly and voluntarily entered, but that appellant’s written sentence does reflect a scrivener’s error that must be corrected on remand.
Appellant was charged by information with armed robbery (a first degree felony punishable by life under section *411 812.13(2)(a), Florida Statutes (1997)), and armed kidnapping (a life felony under section 787.02(2), Florida Statutes (1997)). Pursuant to the plea agreement, appellant pleaded nolo to the reduced charge of robbery with a weapon, a first degree felony under section 812.13(2)(b), and the State agreed to nolle prosse the armed kidnapping count. The written plea specifically provided that appellant agreed to a guidelines sentence. Appellant’s scoresheet reflected a sentencing range of 45.7 to 76.2 months in prison. The court orally adjudicated appellant guilty of the lesser offense of robbery with a weapon and imposed a sentence of 72 months’ incarceration. However, in the written final judgment, in the column entitled “Offense Statute Number,” only section 812.13 appears, with no reference to which subsection applied. Yet, in the column entitled “Degree,” the judgment specifies that it is “FI — LIFE.”
It is apparent from appellant’s written plea agreement and the transcript of the change of plea hearing that appellant was pleading to the reduced charge of robbery with a weapon, a first degree felony. See § 812.13(2)(b), Fla. Stat. (1997). However, the written judgment specifies that appellant was adjudicated guilty of armed robbery under section 812.13, a life felony (codified in section 812.13(2)(a)). This was clearly a scrivener’s error.
Accordingly, we remand to the trial court for correction of this scrivener’s error. See Nemeth v. State, 752 So.2d 1286 (Fla. 2d DCA 2000).
CAMPBELL, A.C.J., and ALTENBERND and FULMER, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).